# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O. BRANDFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>KVSP-DELANO,<br><br>    Defendant. | Case No.: 1:12-cv-00866 JLT (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the Court is Plaintiff's complaint filed on May 30, 2012. (Doc. 1) For the reasons set forth below, the Court recommends that the matter be **DISMISSED WITHOUT PREJUDICE.**

**I. Screening Requirement**

Whenever a prisoner seeks redress from a governmental entity or officer, the Court is obligated to screen the complaint and dismiss it or any portion thereof, if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim

---

[1] Plaintiff has not filed a motion to proceed in forma pauperis or paid the filing fee.

1    is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible . . ."
2    Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

3    **II.        Plaintiff has failed to exhaust his administrative remedies under the PLRA**

4            In his complaint, Plaintiff alleges that he has, several times, requested the law librarian provide
5    him with certain legal materials that he needs for his ongoing habeas corpus proceeding in state court.
6    (Doc. 1 at 2)  Plaintiff seems to assert that he was not provided the materials in a timely fashion. Id. at
7    2-3.  When he sought an interview about the situation, the law librarian replied that he was not the
8    only inmate requesting materials and that the law librarian receives 150 such requests each week.  Id.
9    at 6, 7)

10           Plaintiff admits that he not exhausted his administrative remedies. (Doc. 1 at 1)  He seeks an
11   order of the Court, apparently, to excuse him from compliance with the standard grievance procedure.
12   Id. Plaintiff states, "I, Richard O. Bradford #P-84053 a *[2](Prisoner) seeking relief from KVSP-Delano
13   . . . submit[s] a *(Emergency) Motion of Grievance Outside of *(normal) appeal process to Title XV,
14   CCR *(Standard) appeal procedure within the Department of Corrections here at KVSP-Delano where
15   *(Petitioner) is housed."  Id. at 1-2.

16           **A.        Discussion**

17           The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to
18   prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in
19   any jail, prison, or other correctional facility until such administrative remedies as are available are
20   exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a prerequisite to the inmate filing a lawsuit. See
21   Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA
22   requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311
23   F.3d 1198, 1200 (9th Cir. 2002).  If the Court concludes that the prisoner has failed to exhaust his
24   administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d
25   1108, 1119-1120 (9th Cir. 2003).

---

[2] For reasons that are not clear, Plaintiff peppers his pleading with asterisks and words in parentheses.  Frequently, the words in parentheses seem to have no relation to the rest of the sentence.  Thus, the pleading is very difficult to decipher in that the Court cannot determine if these instances are intended to have meaning or, like the asterisks, are included only for effect.

1   The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94.

The grievance and appeal procedure for inmates in the custody of the California Department of Corrections and Rehabilitation, is a four-step process. Vaden v. Summerhill, 449 F.3d 1047, 1048-1049 (9th Cir. 2006); Cal. Code Regs. tit. 15, §§ 3084.1-3084.6. Generally, the inmate is required to file an informal inmate appeal within 15 days of the incident. Brown v. Valoff, 422 F.3d 926, 929-930 (9th Cir. Cal. 2005). If denied at this First Level, the inmate can appeal to the Second Level which, generally, is to the warden or the warden's designee. Id. The Third Level Appeal is conducted by the CDCR's Director or designee. Id.

Importantly,"[t]he requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion" (Jones v. Bock, 549 U.S. 199, 218 (2007)), and it is only a final decision on the merits from the Third Level Appeal which satisfies the exhaustion requirement under the PLRA. Cal. Code Regs., tit 15, § 3084.7(d)(3) (2011); Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

Here, Plaintiff admits that he has not yet completed the grievance procedures. (Doc. 1 at 1) Thus, he has not exhausted administrative remedies and he is prohibited from filing his complaint under the PLRA. Woodford v. Ngo, 548 U.S. at 83-84 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.")

In light of his admission that he has not completed the administrative procedures, the Court finds that Plaintiff failed to exhaust his administrative remedies as required by the PLRA. Given this, the matter must be dismissed.

**B.    The action against KVSP-Delano is barred by the Eleventh Amendment immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against an

3

1  unconsenting state. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.
2  1991). It bars suits against state agencies as well as those where the state itself is named as a
3  defendant. See Natural Resources Defense Council v. California Department of Transportation, 96
4  F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
5  1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh
6  Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th
7  Cir. 1989). The immunity applies whether the relief sought is money damages or injunctive relief.
8  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Krainski v. Nev. ex rel. Bd.
9  of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh
10 Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal
11 consent by the state."). It applies also in actions brought against an officer of the state in his official
12 capacity. Id.

Here, the only defendant identified is the prison itself. As part of the CDCR, KVSP is entitled to Eleventh Amendment immunity from suit in federal court. Thus, the action must be **DISMISSED**.

**ORDER**

Based upon the foregoing, the Court DIRECTS the Clerk of the Court to assign this matter to a District Judge.

**FINDINGS AND RECOMMENDATION**

Based upon Plaintiff's failure to exhaust his administrative remedies, the Court recommends:

1. That the motion to proceed in forma pauperis be **DENIED**;
2. That the complaint be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are forewarned that the Court does not anticipate granting extensions of time for this purpose. In addition, the parties are advised that failure

1 to file objections within the specified time may waive the right to appeal the District Court's order.
2 See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

Dated:   **May 31, 2012**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE